IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COREY ANDREWS, # B25116,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00746-JPG |
| ) | |
| **BOND COUNTY, ILLINOIS,** ) | |
| **JEFFREY J. BROWN,** ) | |
| **JAMES D. LEITSCHUH,** ) | |
| **JOHN M. GIBBONS,** ) | |
| **WILLIAM BARTH,** ) | |
| **BENJAMIN HABERER, and** ) | |
| **UNKNOWN OFFICERS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Corey Andrews, currently incarcerated at Graham Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that, while he was a pretrial detainee in the Bond County Jail for four months, he was subjected to unsanitary and unhealthy conditions, including raw sewage, standing water and black mold, which made him ill. He also contends that the lack of formal grievance procedures at the Bond County Jail denied him due process.

Andrews' claims regarding the conditions of his confinement were initially presented in *Andrews v. Illinois*, 13-cv-00593-JPG (S.D. Ill. June 21, 2013), and severed, creating this action. However, those claims were dismissed without prejudice (*see* Doc. 1). Plaintiff's amended complaint (Doc. 14) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Amended Complaint**

Between January and May, 2013, Plaintiff Andrews was a pretrial detainee housed in the Bond County Jail. The amended complaint describes unsanitary, unsafe conditions in the jail, including leaky toilets and sinks, raw sewage on the floor, standing water and black mold. These conditions are described as being plainly visible to anyone entering the "bullpen" where inmates were housed. Andrews attributes these conditions to the "policymakers, Sgts, chief deputy and C/O's" [sic] unwritten policy and tacit agreement to allow unsanitary, unsafe conditions of confinement. Bond County allegedly entered into a tacit agreement with the other defendants to deny inmates a clean, safe environment. Andrews characterizes the defendants as being deliberately indifferent and grossly negligent.

Plaintiff contends he was never given "adequate cleaning supplies" (Doc. 14, p. 8). More specifically, Sergeant John Gibbons and Officer William Barth were told about the leaks and mold for months, but they did nothing. Gibbons refused to give Plaintiff bleach or Comet cleanser because those substances were deemed a security risk. Sergeant Benjamin Haberer knew of the conditions, but only occasionally provided cleaning supplies. Sheriff Jeffrey J. Brown and Chief Deputy James D. Leitschuh allegedly had knowledge of the conditions, which evinces deliberate indifference.

Sergeant Gibbons and Sergeant Haberer were asked for grievance forms, but they informed Plaintiff that there was no grievance procedure at the Bond County Jail. Consequently, Plaintiff wrote letters in the form of grievances to Sheriff Brown, but the complaints were ignored (*see* Doc. 14, pp. 17-21).

Based on the allegations in the amended complaint and attached documentation, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court

will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion as each claim's merit.

> **Count 1: Sheriff Brown, Chief Deputy Leitschuh, Sergeant Gibbons, Sergeant Haberer, Officer Barth and Unknown Officers subjected Plaintiff to unsanitary, unsafe conditions of confinement, in violation of the Fourteenth Amendment;**
>
> **Count 2: Bond County, Illinois, conspired with all other Defendants to subject Plaintiff to unsanitary, unsafe conditions of confinement, in violation of the Fourteenth Amendment; and**
>
> **Count 3: The absence of formal grievance procedures at the Bond County Jail denied Plaintiff his Fourteenth Amendment right to due process.**

<u>Discussion</u>

Section 1983 creates a cause of action for constitutional deprivations. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Therefore, as a preliminary matter, all claims of "gross negligence" must be dismissed because the Constitution does not protect against negligence. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013)

<u>Count 1</u>

Between January and May, 2013, Plaintiff Andrews was a pretrial detainee housed in the Bond County Jail. Therefore, his conditions of confinement claims arise under the Due Process Clause of the Fourteenth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Eighth Amendment case law can also generally be used in evaluating such Fourteenth Amendment claims for all relevant purposes; the standards are interchangeable. *See Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010). Jail officials violate the Eighth Amendment (and Fourteenth Amendment) if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure

of life's necessities," including sanitation. *Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994). The Court will assume that the conditions described fall below constitutional minimums.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior*, however, is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois,* 662 F.3d 866, 870 (7th Cir. 2011).

Sheriff Brown and Chief Deputy Leitschuh cannot be liable merely because their job descriptions encompasses caring for the jail and prisoners (*see* Doc. 14, pp. 12-13). However, because of the systemic, open and obvious nature of the conditions, Count 1 shall proceed against Brown and Leitschuh. Similarly, at this juncture the allegations in the amended complaint are sufficient to state a colorable claim against Sergeant Gibbons, Sergeant Haberer, Officer Barth and Unknown Officers.

For these reasons, Count 1 shall proceed, excepting any and all claims of negligence.

**Count 2**

Under *Monell v. Dept. of Social Services*, 436 U.S. 658(19 78), municipalities—such as Bond County—may be held directly liable under Section 1983 for official policies or customs that result in constitutional deprivations. Three forms of unconstitutional policies or customs are recognized in this context:

> (1) an express policy that, when enforced, causes a constitutional deprivation; and
>
> (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (quoting *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003) (quotation and citation omitted)).

The complaint asserts that Bond County "entered into an unwritten[,] tacit agreement with other defendants … denying Plaintiff and other inmates a safe living environment…." (Doc. 14, p. 5). This bare allegation does not satisfy the *Twombly* pleading standards. Also, in Illinois a sheriff is not considered a county policy maker, so a county may not be held liable under Section 1983 for a sheriff's misconduct; the same would hold true for a deputy sheriff. *See Carver v. Sheriff of LaSalle County, Illinois*, 243 F.3d 379, 381 (7th Cir. 2001); *Thompson v. Duke*, 882 F.2d 1180 (7th Cir.1989).

Furthermore, insofar as a conspiracy is alleged, the allegations of conspiracy are conclusory and insufficient under the *Twombly* pleading standard. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't,* 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir.1999)). It is well-established that "conspiracy is not an independent basis of liability in [Section] 1983 actions." *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008).

The complaint does not describe a meeting of the minds; rather, all Plaintiff offers is the fact that the individual defendants all worked at the jail and could have or did see the conditions of confinement. Therefore, Count 2 will be dismissed in all respects. Because only Count 2 is asserted against Bond County, the County shall be dismissed from this action with prejudice.

**Count 3**

Count 3 pertains to the absence of a formal grievance procedure or process at the Bond County Jail. The Constitution also does not require prisons to have administrative systems for the redress of grievances. *See Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008). And, merely ruling against a prisoner's grievance does not cause or contribute to the underlying constitutional violation. *See George v. Smith*, 506 F.3d 605, 609-10 (7th Cir. 2007). Therefore, Count 3 will be dismissed in all respects.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** are **DISMISSED** with prejudice, and **BOND COUNTY, ILLINOIS**, is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that any and all negligence claims are **DISMISSED** with prejudice from **COUNT 1**, which shall otherwise proceed against **SHERIFF BROWN**, **CHIEF DEPUTY LEITSCHUH**, **SERGEANT GIBBONS**, **SERGEANT HABERER**, **OFFICER BARTH** and **UNKNOWN OFFICERS**.

The Clerk of Court shall prepare for Defendants **SHERIFF BROWN**, **CHIEF DEPUTY LEITSCHUH**, **SERGEANT GIBBONS**, **SERGEANT HABERER**, and **OFFICER BARTH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If any Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**
